In re TERRY et al.

(District Court, M. D. Pennsylvania.   September 29, 1913.)

No. 2,262.

BANKRUPTCY (§ 68*)—PERSONS SUBJECT TO ACT—PERSONS ENGAGED CHIEFLY IN FARMING.

Persons who reside upon and cultivate land as partners, on which they raise fruits and vegetables of the value of several thousand dollars a year, which constitutes by far the greater part of their income, are engaged chiefly in farming or the tillage of the soil within the meaning of Bankr. Act 1898, c. 541, § 4, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423), and are not subject to adjudication as bankrupts, although they may realize a few hundred dollars each year from other and incidental occupations.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 18, 86, 87; Dec. Dig. § 68.*]

In Bankruptcy.   In the matter of James Terry, W. H. Terry, and James Terry, Jr., as partners and individuals, alleged bankrupts.   On exceptions to report of special master.   Report confirmed, and petition dismissed.

C. M. Culver and D. E. Kaufman, both of Towanda, Pa., and C. B. Little, of Scranton, Pa., for petitioners.

Stone & Brooks, of Canton, Pa., for bankrupts.

WITMER, District Judge.   A creditors' petition was filed, to which the alleged bankrupts made answer, and requests that the petition be dismissed, claiming the benefit of the exemption extended to persons "engaged chiefly in farming or the tilling of the soil," as provided by section 4b of the Bankruptcy Act.   The referee, to

whom the matter was referred, reported as his conclusion, from the testimony taken, that the alleged bankrupts are persons engaged chiefly in farming or the tillage of the soil, and therefore are within the exception noted. It appears from the evidence that the alleged bankrupts are the owners of two parcels of land, one in Canton borough, where they reside, containing 20 acres, and another in Canton township of about 12 acres, upon which they raise all kind of vegetables, yielding them an annual income of from $6,000 to $7,000. Upon one of these properties is also a greenhouse in which are produced many thousand young plants of numerous variety for "setting." A fractional part of these plants are sold, but the great bulk thereof are used by them to propagate their crops. Upon one of these lots is a small pond, from which some ice is harvested, yielding them about $50 annually in actual sales; they also own a press where cider is made, consuming an aggregate time of about two men for two weeks. An old dilapidated gristmill is also upon one of the lots. This mill was formerly operated for custom grinding, a toll being retained as compensation, but less than 50 bushels were thus ground in the last three years. For the purpose of furnishing their own supply potato crates were manufactured during rainy days upon shares, the patron furnishing the raw material. Some of these crates, not exceeding 250, were sold at 15 cents, the cost of manufacture. A portion of the products from their land is sold at wholesale, and the balance is sold at retail on the premises, or by carting it from door to door along the highway and streets of the town; and, to keep their customers supplied, during such season of the year as they are unable to furnish their own product in sufficient quantities, a small supply of fruit and vegetables are purchased and sold for this purpose. These purchases are not extensive, however, and extend each year only over a period of a month or two.

The petitioners have introduced some evidence tending to prove the averment that respondents are not chiefly engaged in farming or the tillage of the soil, and though the burden of proof may have been shifted to respondent, however, there seems to be no doubt that the burden in this case has been fully met. The alleged bankrupts have clearly shown that by far the major portion of their time and energy has been employed in advancing the fruits of the soil, that the income arising from this vocation alone amounts to several thousand dollars annually, and that derived from all other sources only a few hundred dollars, at most. The diversions principally complained of are merely adjuncts to farming or the tillage of the soil. It must be conceded that the tiller is expected to dispose of the product of his industry, and by accomplishing this he will not change the nature of his vocation, for the very apparent reason that his rightful compensation is derived from converting into cash the harvests repaid by his own efforts. Therefore, because a man who produces food products by cultivating the soil markets these products by carting the same from door to door, or by selling to merchants at wholesale, or at retail upon his own premises, he cannot be said to be a huckster and not a tiller of the soil. Neither will the fact that a tiller of the soil engages so ex-

tensively in cultivating plants for "setting" as to require the aid of a greenhouse for said purpose change the nature of his vocation, for it is then a necessary part of the business.

The other acts complained of by the exceptants are of little moment, and it cannot be seriously contended that, combined or severally, they constitute the principal business of the debtors. The question at issue is almost entirely one of fact; and, upon examination of the evidence, we see no reason why the findings of the referee should not be affirmed, as there was certainly sufficient testimony upon which to base his conclusion.

The creditors' petition is dismissed at the cost of the petitioners.